IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| CARLOS VASQUEZ-ARELLANO, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-021 |
| VS. | § | |
| | § | CRIMINAL NO. B-97-447 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Carlos Vasquez-Arellano ("Vasquez-Arellano") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking a two point downward departure because of his status as an alien. The Government has filed a Motion to Dismiss (Docket No. 3) which for the reason set forth below, should be granted.

### BACKGROUND

On May 27, 1998, Vasquez-Arellano was sentenced to forty-eight months confinement following his conviction by a jury on charges of possession with intent to distribute marihuana. His conviction was affirmed by the Fifth Circuit on June 2, 1999.

### THE § 2255 PETITION

Vasquez-Arellano argues that he is being denied a two point downward departure solely because he is an alien.

### RECOMMENDATION

Vasquez-Arellano is wrong. The Fifth Circuit has addressed this very point. *United States v. Nnanna*, 7 F.3d 420, 421-422 (5th Cir. 1993). This case held that collateral consequences

which an alien might suffer such as likelihood of deportation or ineligibility for more lenient conditions of confinement are not grounds for a downward departure.

Even had the sentencing court erred in failing to grant a downward departure, Vasquez-Arellano is precluded from raising that point in a § 2255 petition. The Fifth Circuit has stated that claims involving technical applications of the guidelines are not cognizable in a § 2255 petition. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Carlos Vasquez-Arellano's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 25th day of April, 2000.

_____
John Wm. Black
United States Magistrate Judge